UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES -ROSS MORGAN** | **CIVIL ACTION** |
| **VERSUS** | **22-5393** |
| **ASHLEY NACOLE MAYEAUX MORGAN-PARKER, ET AL.** | **SECTION "O"** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **CHARLES-ROSS MORGAN** | **CIVIL ACTION** |
| **VERSUS** | **24-486** |
| **21ST JUDICIAL DISTRICT COURT OF LOUISIANA, ET AL.** | **SECTION "O"** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **CHARLES-ROSS MORGAN** | **CIVIL ACTION** |
| **VERSUS** | **24-546** |
| **21ST JUDICIAL DISTRICT COURT CLERKS, ET AL.** | **SECTION "O"** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER AND REASONS**

*Pro se* Plaintiff Charles-Ross Morgan has filed three lawsuits leveling accusations against his ex-wife and over fifty other defendants including the 21st Judicial District Court of Louisiana ("21st JDC"), along with several entities and officials of Tangipahoa Parish. Dozens of motions are pending across the three cases.

Having given careful consideration to Morgan's claims and the records submitted in support, the Court finds it necessary to dismiss Morgan's complaints because (1) this Court lacks subject matter jurisdiction, and (2) notwithstanding this Court's lack of jurisdiction, Morgan's complaints fail to state non-frivolous, plausible claims under 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

Morgan has filed three complaints in this Court since 2022.[1] These complaints allege violations by parties and entities involved in Morgan's state custody dispute, including his ex-wife Ashley Nacole Mayeaux Morgan-Parker, the Tangipahoa Parish Courthouse, the Tangipahoa Parish Sheriff's Office, Judge Jeffrey T. Oglesbee of the 21st JDC, the Louisiana Department of Children and Family Services, and his ex-wife's family—all of whom, according to Morgan, conspired with attorneys, law enforcement, and other government officials to bring criminal charges against him in state court.[2] Morgan alleges violations of federal statutes and constitutional articles and amendments, including Section 1983, Title VII, and the RICO Act.[3] However, the crux of his cases appears to be a state court dispute with his ex-wife over the custody of his children, which later led to his arrest and, according to Morgan, false

---

[1] Civil Action Nos. 22-5393, 24-486, 24-546. Unless otherwise noted, subsequent citations refer to Civil Action No. 22-5393.
[2] ECF No. 1. Morgan notes that "[these defendants] are all of the corporations, entities[,] and individuals that are liable and involved in the harms, fraud and unlawful acts inflicted against [him] and [his] family." *Id.* at 3. Attached to Morgan's petition is a "Continued List of Wrongdoers" naming these defendants. *Id.* at 2–3.
[3] *Id.* at 6, 11; ECF No. 1-2 at 3.

imprisonment.[4] Morgan asserts that his two sons "are being held hostage against [his] wishes and their wishes," while Morgan faces whistleblower retaliation.[5] He claims he is being harassed, threatened, and stalked.[6]

Morgan now seeks protective orders against all named defendants, and requests emergency custody relief until he can prove his allegations in a preliminary hearing.[7] In addition to this emergency relief, Morgan demands $500,000,000 in "lawful gold or silver" in one pleading, and "1.5 billion [500,000,000 times 3!]" in a subsequent pleading.[8] Morgan also asserts that he has hundreds of pages of evidence and hundreds of recordings to support his claims.[9]

## II.   LEGAL STANDARD

Morgan has been granted *in forma pauperis* ("IFP") status in all three of his cases before this Court.[10] Because he is proceeding IFP, Morgan's complaints are "subject to screening" under 28 U.S.C. § 1915(e)(2). *Weaver v. Smith*, No. CV 22-3747, 2024 WL 3551041, at *3 (E.D. La. Mar. 15, 2024). This statute provides for the *sua sponte* dismissal of an IFP proceeding if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

---

[4] Morgan states that he was "falsely accused" of being a danger to his ex-wife. ECF No. 1 at 9. Morgan further explains that he has been falsely arrested and imprisoned multiple times. ECF No. 1 at 9; ECF No. 13 at 5.
[5] ECF No. 1 at 10; ECF No. 1-2 at 3.
[6] ECF No. 1 at 10–11.
[7] *Id.*
[8] *Id.* at 7; Civil Action No. 24-486, ECF No. 1 at 6.
[9] ECF No. 1 at 3.
[10] ECF No. 3; Civil Action No. 24-486, ECF No. 5; Civil Action No. 24-546, ECF No. 11.

3

An IFP complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And an IFP action lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[11] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (internal quotations omitted). Thus frivolousness, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325. Examples of the latter include "claims describing fantastic or delusional scenarios." *Id.* at 328. And "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). This statute also authorizes dismissal when a plaintiff fails to state a claim upon which relief may be granted. "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As already noted, a § 1915(e)(2)(B) dismissal may come on the Court's own motion. But the power to *sua sponte* dismiss "is cabined by the requirements of basic fairness: a district court may only dismiss a case *sua sponte* after giving the plaintiff

---

[11] This statute also gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

4

notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citation omitted). "This rule against no-notice *sua sponte* dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has alleged his best case." *Id.* (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## III. ANALYSIS

### A. Morgan Has Pleaded His "Best Case"

Morgan's zealous litigation of his cases leads the Court to conclude that Morgan has alleged his "best case." "While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint." *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008). Currently, there are multiple pending motions to dismiss, outlining deficiencies in Morgan's complaints, filed by several defendants including Judge Jeffrey T. Oglesbee of the 21st JDC, the 21st JDC, and the Tangipahoa Clerk of Court.[12] Morgan has filed responses opposing several of these motions.[13] In one response, Morgan attempts to simplify and distill his claims;[14] but the Court found the simplified argument equally difficult to follow. In sum, Morgan's allegations touch on *inter alia* his distress over his divorce and custody proceedings; corruption and misconduct involving Tangipahoa Parish officials; collusion between

---

[12] There are pending motions to dismiss in two of Morgan's cases, Civil Action Nos. 22-5393 and 24-486. Civil Action No. 22-5393, ECF Nos. 28, 34, 41, 44, 45, 46, 54, 58; Civil Action No. 24-486, ECF No. 20, 22, 26, 29. There are no pending motions to dismiss in Morgan's third case, Civil Action No. 24-546.
[13] ECF Nos. 37, 53; Civil Action No. 24-486, ECF No. 25.
[14] ECF No. 53 at 1.

the Mayeaux family and judicial officials in state court; and his sons' alleged protections under the Indian Child Welfare Act.[15]

In addition to these responses, Morgan has submitted multiple letters to the Court.[16] In one such letter, he offers factual details of his custody dispute, including his children's status as Native Americans, and his allegations of false imprisonment and whistleblower retaliation.[17] Morgan further elaborates on his conspiracy allegations against his ex-wife and her family.[18] He describes their corrupt connections to local courts and law enforcement, and refers to his ex-father-in-law as a "kingpin of corruption."[19] Still, Morgan claims he has more pleadings and evidence for the Court's consideration: Morgan has filed several motions to amend his pleadings and to submit additional evidence in support of his claims.[20]

Here, Morgan's responses and ability to offer supplemental evidence and facts ameliorate concern that he has been unfairly disadvantaged in proceeding without an attorney. *See Rogers*, 709 F.3d at 411 (finding district court did not err in declining to provide leave for *pro se* plaintiff to file amended complaint because plaintiff did not show he could have alleged additional facts precluding dismissal under § 1915(e)(2)(B)). Given the vast amount of evidence Morgan has provided and his

---

[15] *Id.* at 5, 7.
[16] ECF Nos. 15, 47; Civil Action No. 24-486, ECF No. 19; Civil Action No. 24-546, ECF No. 9.
[17] ECF No. 15.
[18] *Id.*
[19] *Id.*
[20] Morgan describes the amount of evidence in his possession as "inundating" and that he can "burry [sic] [the court's] clerks in evidence for weeks." ECF No. 1 at 3; ECF No. 1-2 at 3.

exhaustive briefing, it is clear he has alleged his best case and further amendment would be similarly futile.

### B. This Court Lacks Subject Matter Jurisdiction

Prior to addressing whether Morgan's action should be dismissed pursuant to § 1915(e)(2)(B), the Court first considers whether it has subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court [must] dismiss the action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (citing FED. R. CIV. P. 12(h)(3)). Here, Morgan asserts both federal question and diversity jurisdiction.[21] To properly allege diversity jurisdiction under 28 U.S.C. § 1332, there must be "complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotations omitted). "That means all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Id.* Morgan is a citizen of Louisiana, as are many, if not all, of the named defendants.[22] Accordingly, diversity is defeated, and Morgan's invocation of diversity jurisdiction is improper.

---

[21] ECF No. 1 at 5.
[22] Morgan resides in Louisiana and indicates as much in his notice of address change. ECF No. 11. And Morgan lists his return address in Ponchatoula, Louisiana in a letter to the Court received on April 4, 2024. ECF No. 47. As for the defendants, Ashley Nacole Mayeaux-Morgan Parker, Morgan's ex-wife, lives in Tangipahoa Parish, Louisiana, making her a Louisiana citizen. ECF No. 44 at 1. And defendants include numerous government entities and employees in Tangipahoa Parish, Louisiana. As such, diversity jurisdiction does not exist.

Morgan also asserts that his case involves a federal question. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Avitts*, 53 F.3d at 693. Although Morgan alleges violations of federal laws as the bases for federal question jurisdiction, a review of the complaint reveals that no federal question exists here. Despite his federal claims, Morgan's core request is this Court's intervention in his state court custody judgment. Throughout his complaint, Morgan repeatedly discusses his divorce and custody dispute and attaches several exhibits concerning these proceedings. These include his and Ashley Mayeaux's marriage certificate from Tangipahoa Parish,[23] a child support notice addressed to Morgan from the Louisiana Department of Children and Family Services,[24] screenshots of text messages between himself and Ashley Mayeaux disagreeing over custody arrangements,[25] and letters from his children.[26]

Throughout his complaints, Morgan vehemently questions the state court rulings in his custody proceedings in the 21st JDC of Tangipahoa Parish and challenges the charges in his state criminal case. However, this Court cannot provide the relief Morgan seeks. The *Rooker-Feldman* doctrine bars jurisdiction in this Court because Morgan essentially requests review of Louisiana state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "Absent specific law otherwise providing, that

---

[23] ECF No. 1-7 at 1.
[24] ECF No. 1-15 at 1.
[25] *Id.* at 2–3.
[26] ECF Nos. 1-16, 1-19.

8

doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). "Constitutional questions arising in state proceedings are to be resolved by the state courts." *Id.* And even if diversity jurisdiction were to exist here, "[a]bstention from the exercise of diversity jurisdiction in cases involving intrafamily relations is a policy of long standing in the federal courts." *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078–79 (5th Cir. 1990) (affirming dismissal because of domestic relations exception to diversity jurisdiction where plaintiff's "ultimate legal objective . . . [was] to obtain custody of the child" and the dispute's resolution was "intertwined with parental rights and the custodial status of the child"). The reasons for this policy are long-established: "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Id.* at 1078 (internal quotations omitted).

The Fifth Circuit has also recognized that although issues of domestic relations are the domain of state courts, "[t]he mere fact that a claimed violation of constitutional rights arises in a domestic relations context does not bar review of those constitutional issues." *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983) (citations omitted). But if "it is determined that an asserted constitutional violation has been forwarded solely for the purpose of obtaining federal jurisdiction or is wholly insubstantial and frivolous, or unless it is determined that such an asserted violation

9

is clearly immaterial to the case, then dismissal for lack of subject matter jurisdiction is inappropriate." *Id.* at 185 (citation omitted). Here, although Morgan alleges violations of federal statutes and constitutional amendments, the Court finds that he asserts these violations solely to obtain federal jurisdiction.[27]

Ultimately, if a state court errs, "the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." *Liedtke*, 18 F.3d at 317. Here, Morgan's core request for relief concerns the orders issued in his child custody proceeding and, as alleged by Morgan, his retaliatory arrest and imprisonment. Not only does he request "emergency *ex parte* custody granted in [his] favor," he seeks monetary compensation ("1.8 million dollars per day") for the duration of his alleged false imprisonment and arrest.[28] Although Morgan alleges several civil rights violations, including Section 1983 and Title VII, Morgan's request, "stripped to essentials," is an "attack on the judgment of the state district court" and is "inextricably intertwined with that judgment." *Id.* at 318 (internal quotations and citations omitted). And "federal district courts do not have jurisdiction . . . to reverse or modify the judgments of state courts." *Lampkin–Asam v. Supreme Court of Florida*, 601 F.2d 760, 760 (5th Cir. 1979). Morgan's recourse lies with the state appellate courts, not in filing a complaint in federal court. *Liedtke,* 18 F.3d at 318. As such, this Court is unable to grant the relief Morgan seeks.

---

[27] In one of his letters to the court, for example, Morgan claims that he and his sons are registered "Comache [sic] Native Americans," "[m]aking this custody a federal case." ECF No. 15 at 5.
[28] ECF No. 1 at 3, 10.

### C. Dismissal is Warranted under 28 U.S.C. § 1915(e)(2)(B)

Notwithstanding the Court's lack of subject matter jurisdiction over this case, the Court also finds that dismissal of Morgan's complaint under 28 U.S.C. § 1915(e)(2)(B) is warranted. Morgan claims to be the target of a vast conspiracy within Tangipahoa Parish, orchestrated by his ex-wife's family and in particular her father Brian Mayeaux.[29] In a motion to change venue filed in the 21st JDC, attached to one of the complaints, Morgan claims to be prejudiced by the Mayeaux family's ties within Tangipahoa Parish.[30] Morgan describes Brian Mayeaux as "a powerful, wealthy and influential man with close political ties to the Tangipahoa Parish Sheriff's Office, Tangipahoa Parish District Attorney's Office, Tangipahoa Parish Clerk of Court and Tangipahoa Parish Judges."[31] Alleging corruption within the state court system, he states that his ex-wife, through her father, has contributed to judges' campaigns within the 21st JDC.[32] Morgan also notes that Brian Mayeaux has a business relationship with District Attorney Scott Perriloux and the former Sheriff of Tangipahoa Sheriff, Daniel Edwards, both of whom are named in this case.[33] He further contends that the family court expert is a member of the Mayeaux family.[34]

Morgan argues that these alleged entanglements have unfairly harmed him in his custody dispute as well as his criminal case.[35] He claims he is being harassed,

---

[29] ECF No. 1.
[30] ECF No. 1-15 at 4.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] ECF No. 1 at 9.

threatened, and stalked, and needs an "emergency protective order" against the Tangipahoa Sheriff's Department, Ponchatoula police, and the 21st JDC.[36] In addition, in various pleadings Morgan describes himself as a federal witness, deep cover contractor, and confidential informant, and demands a protective order because the defendants are attempting to "falsely and maliciously bully, intimidate[,] and imprison" him.[37]

Upon review of Morgan's complaints and exhibits, the Court finds Morgan's allegations to be frivolous. *See Simmons v. Payne*, 170 F. App'x 906, 907 (5th Cir. 2006) (finding plaintiff's "assertion of a vast conspiracy by all levels of the state government and federal government [is] manifestly frivolous because the factual allegations [are] fanciful, irrational, incredible, and delusional.)." Having closely and carefully reviewed the evidence submitted by Morgan, the Court finds these allegations lack an arguable basis in law or fact. *See Ayo v. Simoneaux*, No. CIV.A. 08-963, 2008 WL 2944874, at *11 (E.D. La. July 31, 2008) (dismissing plaintiff's Section 1983 claims as legally frivolous and for failure to state a claim).

While a *pro se* plaintiff is held to less stringent standards than lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F. 3d 376, 378 (5th Cir. 2002) (internal quotations omitted). Even under the broadest reading, Morgan's claims of retaliation, threats, and harassment are conclusory. And Morgan's requested relief stems from his frustration with his child custody orders

---

[36] *Id.* at 10.
[37] *Id.* at 3, 11; ECF No. 1-4 at 1.

and his criminal charges. Thus, the Court is unable to discern plausible claims against these defendants. Because the Court finds Morgan fails to state a claim upon which relief can be granted, dismissal is also warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's cases, Civil Action No. 22-5393, Civil Action No. 24-486, and Civil Action No. 24-546, are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for failing to state non-frivolous, plausible claims under 28 U.S.C. § 1915(e)(2)(B).

New Orleans, Louisiana, this 30th day of September, 2024.

							_____
							BRANDON S. LONG
							UNITED STATES DISTRICT JUDGE